IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY P. KENDRICK,

Petitioner,

v.                              CASE NO.  07-3072-SAC

THE KANSAS PAROLE
BOARD, et al,

Respondents.

## MEMORANDUM AND ORDER

This "Petition for Mandamus and Quo Warranto Relief Pursuant to 28 U.S.C. §1651(a)" was filed by an inmate of the Winfield Correctional Facility, Winfield, Kansas.  Petitioner names the State of Kansas and the Kansas State Parole Board (KPB) as the only respondents.  Having considered all the materials filed, the court finds as follows.

## IN FORMA PAUPERIS MOTION

Mr. Kendrick has filed a Motion for Leave to Proceed in forma pauperis (Doc. 2).  However, he has not provided the certified statement of his inmate trust fund account for the six months preceding the filing of this action as mandated by 28 U.S.C. §1915. He will be given time to supplement his motion to proceed without prepayment of fees by completing and submitting forms provided by the court and by submitting a certified statement of his inmate account for the six months preceding the filing of this action.

## ALLEGATIONS AND CLAIMS

Mr. Kendrick claims the KPB is not complying with K.S.A. 22-

3717(e), and as a result he has been illegally restrained and his punishment has been increased beyond statutory limits.  He asserts the KPB is abusing their discretionary powers, in violation of the 5th, 8th, 9th, and 14th Amendments.   He alleges the KPB has imposed "penalty after penalty" in excess of the one-year penalty authorized by K.S.A. 22-3717(e).  He cites the "Kansas Sentencing Guidelines Act, formerly known as Senate Bill #423" and K.S.A. 22-3717(e) and (f)(1) and (2).  He claims these provisions require conversion of the "old law sentence" of those offenders who "were released on parole and were returned back to prison for the commission of another crime on or after" enactment of Senate Bill #423.   He further claims that after the imposition of a penalty by the KPB, the offender should have his former old law sentence vacated and "then go over to his new law sentence, which would then govern" pursuant to the above provisions.  Petitioner complains that he and other inmates "of color" have "an old law and new law determinate sentence to be served," and have yet to be "paroled over to their new law sentences by the Kansas State Parole Board."

**RELIEF REQUESTED**

Mr. Kendrick seeks "ouster proceedings to be promptly conducted in the Federal Court pursuant to Quo Warranto provisions under 28 U.S.C. 1651(a);" mandamus and quo warranto hearings followed by an order requiring a federal probe and convening a federal grand jury to internally investigate official misconduct, discriminatory practices, and intentional violation of federal rights of petitioner and others "in same statutory class;" federal indictments against "selective parole board members;" that parole records and conference

2

minutes be subpoenaed and examined by federal investigators from the office of the United States Attorney General; that each KPB member responsible for the unlawful imposition of additional penalties far exceeding that provided for by law be served with a subpoena to testify; an order for production of all Mr. Kendrick's parole records in care of the KPB and KDOC; the prompt scheduling of an evidentiary hearing or settlement discussion; the issuance of writs of mandamus and quo warranto as well as a show cause order to respondents "pursuant to 1651(a), federal statutory provisions;" together with any other appropriate "immediate injunctive relief."

**SCREENING**

Because Mr. Kendrick is a prisoner, the court is required by statute to screen his pleading and to dismiss the action or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. §1915A(a) and (b).  Having screened all materials filed, the court finds this action is subject to being dismissed for the following reasons.

**NO JURISDICTION UNDER 28 U.S.C. § 1651(a)**

Petitioner styles this action as one brought pursuant to 28 U.S.C. §1651(a).  The All Writs statute, 28 U.S.C. §1651(a), provides:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

This statute does not provide an independent basis for jurisdiction,

but can only be invoked by the court in aid of jurisdiction it has under a jurisdictional statute.

Nor does this court have jurisdiction over petitioner's request for a writ of mandamus against the KPB or the State of Kansas.  28 U.S.C. §1361 provides:

> The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff.

Obviously, this court does not have jurisdiction over petitioner's claims under §1361, since petitioner challenges the actions of a state, rather than a federal, agency.

Petitioner cites 28 U.S.C. §1331 in his "Arguments and Authorities," and this court's duty to protect citizens from abridgement of their "federally protected rights."  However, there is no cause of action directly under the Constitution for claims alleging violation of state law by a state agency.

This action might be construed as a complaint under 42 U.S.C. §1983, except for the fact that petitioner does not name a "person" as defendant as required by that statute.

**NOT ENTITLED TO REQUESTED RELIEF**

Even if petitioner named a proper defendant under 42 U.S.C. §1983, he does not allege facts demonstrating his entitlement to either a writ of prohibition or a writ of mandamus in a §1983 action.  The requirements for issuance of a writ of prohibition are that (1) the petitioner's right to the writ is "clear and indisputable" and (2) the petitioner has no adequate alternative means of obtaining the requested relief.  Mr. Kendrick does not

4

allege facts establishing either of these prerequisites.  His claims

are so conclusory that he fails to allege any facts[1] establishing

that his right to relief in federal court is "clear and

indisputable."  Furthermore, the state, not the federal, courts are

the appropriate forum for his general claim of violation of state

law by the state parole agency.  His statement that actions have

been filed "by inmates" in state courts but relief has not been

granted is equally conclusory and therefore insufficient to

establish that relief is unavailable in state court on his

particular claims.

This court does not have authority under 28 U.S.C. §1651(a) to

conduct "ouster proceedings" or to hold mandamus and quo warranto

hearings.  Nor does it have general authority to compel the United

---

[1]

Exhibits attached to the petition suggest Mr. Kendrick violated
his probation by committing a new crime, and his allegations suggest
he may have violated conditional release more than once.  However,
petitioner fails to allege facts regarding parole decisions made in
his particular case.  He does not provide his sentence data such as
sentence begins date, projected release date, calculated sentence
credit or even what date he claims he should have been release upon.
Nor does he provide information regarding his probation revocation,
supervised release revocation, the imposition of any violator term
or terms in his case, or aggregation of his sentences.  Instead, he
simply makes the conclusory claims that the KPB is not complying
with Kansas law and as a result he has been unlawfully restrained
and his sentence has been increased beyond statutory limits.
Despite the latter claims of unlawful restraint and being held
beyond his lawful sentence, Mr. Kendrick avoids asking for speedier
release.  If he requested speedier release, this action would be
construed as a petition for writ of habeas corpus under 28 U.S.C.
§2254.  Preiser v. Rodriquez, 411 U.S. 475, 500 (1973) ("[W]hen a
state prisoner is challenging the . . . duration of his physical
imprisonment, and the relief he seeks is a determination that he is
entitled to . . . a speedier release from that imprisonment, his
sole federal remedy is a writ of habeas corpus.").  In order to
proceed on a §2254 petition, a petitioner must first exhaust
available state court remedies.  28 U.S.C. §2254(b).  Petitioner
make no showing that he sought relief in the state courts.

States Attorney's Office to initiate an internal investigation, convene a federal grand jury, or issue federal indictments against "selective parole board members."   Petitioner's requests for subpoenas and production of records are discovery matters, which need not be determined until Mr. Kendrick states a factual basis for his claims and demonstrates that this action should not be dismissed during  screening.


**FAILURE TO STATE A CLAIM OF FEDERAL CONSTITUTIONAL VIOLATION**

Mr. Kendrick's allegation that the KPB has violated his "rights under the 5[th], 8[th], 9th, and 14th amendments to the United States Constitution" is completely conclusory.  Mr. Kendrick alleges no facts whatsoever in support of this statement or otherwise indicating a federal constitutional violation by either the State of Kansas or the KPB.  He does not describe unconstitutional acts, name persons who committed those acts, or state the dates on which they were committed.

Construing petitioner's conclusory allegations liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), that he received an "old law" sentence and should have long ago been paroled over to his "new law" sentence, the court finds he appears to be challenging the execution of his state sentence by state parole and prison authorities.  Such claims are normally construed as ones to be raised in a petition for writ of habeas corpus under 28 U.S.C. §2241, and only after state court remedies have been fully exhausted.  As previously noted, Mr. Kendrick makes no showing that he personally has raised claims regarding his sentences in the courts of the state.

6

Petitioner shall be given time to show cause why this action should not be dismissed for failure to state a claim as discussed herein.  If petitioner fails to supplement his motion or show cause as directed herein within the time provided, this action may be dismissed without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted thirty (30) days in which to supplement his motion for leave to proceed in forma pauperis as directed herein, and to show cause why this action should not be dismissed for the reasons stated herein.

The clerk is directed to transmit forms for filing a Motion for Leave to Proceed Without Prepayment of Fees to petitioner.

**IT IS SO ORDERED**.

Dated this 7th day of May, 2007, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge

7